UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHRUTI SHETTY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS,<br><br>　　　　Defendant. | Case No. 16-cv-06012-HSG<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 2, 8 |

Pending before the Court are two motions brought by Plaintiff Shruti Shetty: (1) a motion to proceed in forma pauperis and (2) an ex parte motion for a temporary restraining order ("TRO"). Dkt. Nos. 2, 8. Plaintiff's motion to proceed in forma pauperis is DENIED WITHOUT PREJUDICE and Plaintiff's ex parte motion for a TRO is DENIED.

### I.　MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff filed her motion to proceed in forma pauperis on October 7, 2016. Dkt. No. 2. In her motion, Plaintiff fails to answer each applicable question in sufficient detail to permit the Court to evaluate whether she is unable to pay the filing fees under 28 U.S.C. § 1915. *See generally id.* For example, Plaintiff indicates that she has received income within the last twelve months from (1) business, profession, or self-employment and (2) rent payments. *See id.* at 2. However, Plaintiff does not fill out the following blank that requires Plaintiff to "describe each source of money and state the amount received from each." *Id.* Similarly, Plaintiff indicates that she has a bank account, but she does not provide the present balance of any such accounts. *See id.* at 3.

Accordingly, the Court hereby DENIES WITHOUT PREJUDICE Plaintiff's request to proceed in forma pauperis. Plaintiff may file a renewed motion to proceed in forma pauperis within 60 days of the date of this Order, if she so desires. In her renewed motion, Plaintiff must

reasonably and truthfully answer all applicable questions, including those that require her to indicate sources of income and the balance in her bank account(s). If Plaintiff fails to file a renewed motion to proceed in forma pauperis within 60 days, the Court will dismiss the action without prejudice.

## II.   EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

On October 24, 2016, Plaintiff also filed an ex parte motion for a TRO. Dkt. No. 8. In the Ninth Circuit, the analysis for a TRO is "substantially identical" to the analysis for a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Thus, a plaintiff seeking a TRO must establish that (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

After carefully reviewing Plaintiff's motion for a TRO, the Court finds that Plaintiff has failed to address — and thus has failed to establish — a likelihood of success on the merits. For that reason, the Court DENIES Plaintiff's ex parte motion for a TRO.

## III.   CONCLUSION

Based on the foregoing, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to proceed in forma pauperis and DENIES Plaintiff's ex parte motion for a TRO.

Plaintiff may file a renewed motion to proceed in forma pauperis that complies with this Order within 60 days of the date of this Order. If Plaintiff fails to file a renewed motion to proceed in forma pauperis within 60 days, the Court will dismiss the action without prejudice. The Clerk is directed to mail a blank in forma pauperis application with a copy of this Order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 10/28/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2