UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHRUTI SHETTY,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS,<br><br>    Defendant. | Case No.16-cv-06012-HSG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Re: Dkt. No. 13 |

Plaintiff Shruti Shetty, representing herself, has filed a complaint against Cisco Systems, purportedly brought under Title VII of the Civil Rights Act of 1964 for employment discrimination. Plaintiff seeks leave to proceed *in forma pauperis*. Dkt. No. 13.

## I. INTRODUCTION

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action and that her action is not frivolous or malicious. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Having reviewed Plaintiff's application, the Court finds she is unable to pay the full amount of fees, costs or give security. *Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Nevertheless, the Court finds that the action is frivolous and accordingly DENIES the motion to proceed *in forma pauperis*.

## II. LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.8. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiff is pro se, the Court construes her pleadings liberally and affords her the benefit of any doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### III. ANALYSIS

As presently drafted, the complaint is difficult to follow and fails to set forth any facts that would support a cognizable claim. Plaintiff provides twenty, single-spaced pages of ambiguous grievances, but does not identify the claims she is asserting. Another serious problem is that she does not identify the specific actor or actors responsible. She cites various conduct inconsistently attributed to foreign government entities, private actors, and Defendant Cisco Systems. As such, the complaint violates Rule 8's directive that "[e]ach allegation [] be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

From what the Court can discern, Plaintiff seems to allege that Cisco Systems stole her intellectual property, erroneously withheld a month's pay following her resignation, and facilitated both the physical injury and reputational damage she has suffered over the past two years. While the complaint alleges "employment discrimination," it is not clear if, or when, Plaintiff alleges she was employed by Cisco. Plaintiff also alleges that Cisco's actions were motivated by her "ethnic roots, race, and [] gender." Dkt. No. 1 at 17. But there is no fact alleged in the complaint that plausibly reflects discriminatory motive or otherwise suggests that Cisco attacked her because of

her nationality, ethnicity, race, or gender.  Even liberally construed, Plaintiff's assertion is conclusory and speculative, and insufficient to state a claim on which relief can be granted. "Although a pro se litigant . . . may be entitled to great leeway when the court construes [her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  The Court finds that Plaintiff has failed to meet that minimum threshold and accordingly DENIES her request for leave to proceed *in forma pauperis* and DISMISSES her complaint.

## IV. CONCLUSION

Despite these deficiencies, the Court cannot say at this stage that amending the complaint would be futile.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").  Plaintiff may still be able to allege sufficient facts to state a claim. *Lopez*, 203 F.3d at 1130.  Plaintiff shall file an amended complaint by no later than May 8, 2017. In the amended complaint, Plaintiff should clearly identify:  (1) each legal claim; (2) the facts supporting each claim; and (3) the defendant against whom the claim is alleged.  Plaintiff does not need to re-file a financial affidavit with her amended complaint, because the Court has already found that she has established her inability to pay the filing fees.  But failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend.  In addition, Plaintiff's amended complaint will be dismissed if she does not correct the deficiencies the Court has identified in this order.

The Court further finds that Plaintiff's other pending motions are DENIED as moot.

**IT IS SO ORDERED.**

Dated: 4/10/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

3