UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHRUTI SHETTY,<br><br>        Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS,<br><br>        Defendant. | Case No.16-cv-06012-HSG<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. Nos. 22, 23 |

On October 7, 2016, Plaintiff Shruti Shetty filed a pro se complaint against Defendant Cisco Systems, purportedly brought under Title VII of the Civil Rights Act of 1964 for employment discrimination, along with a request to proceed *in forma pauperis*. On April 10, 2017, this Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 because the complaint did not set forth any facts that would support a cognizable claim. Dkt. No. 21. The Court instructed Plaintiff that she had until May 8, 2017, to file an amended complaint and cautioned that "failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend." *Id.* at 3. Plaintiff failed to file a timely amended complaint.

Instead, on April 14, 2017, Plaintiff filed a "Motion to Uphold Order and Motion to Associate Case." *See* Dkt. No. 22. Over a week after the Court's deadline to amend the complaint, Plaintiff also filed a "Motion to Not Dismiss Case" on May 16, 2017. *See* Dkt. No. 23. Even if the Court construes these motions — either separately or together — as an amended complaint, they do not cure the deficiencies that the Court identified. Neither document clearly identifies Plaintiff's legal claims or even specifies the defendants against whom the claims are alleged. *Cf. Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (concluding that a court

1 must dismiss a complaint if it fails to state a claim upon which relief can be granted).

While "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted), the Court need not grant leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation omitted). Plaintiff here has had an opportunity to amend her complaint, and the Court is now convinced that she cannot allege facts to cure the defects identified in the Court's previous order. *See* Dkt. No. 21. The Court therefore dismisses the case without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)). The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 5/18/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge