UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHRUTI SHETTY,<br><br>        Plaintiff,<br><br>     v.<br><br>CISCO SYSTEMS,<br><br>        Defendant. | Case No.16-cv-06012-HSG<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT AND OTHER MISCELLANEOUS RELIEF**<br><br>Re: Dkt. No. 26 |

On May 18, 2017, the Court dismissed Plaintiff Shruti Shetty's complaint without leave to amend and entered judgment. Dkt. Nos. 24, 25. Several days later, Plaintiff filed a motion to vacate the judgment and for other miscellaneous relief. *See* Dkt. No. 26. For the reasons detailed below, the motions are DENIED.

The caption indicates that Plaintiff is making five separate motions, including: a "motion to vacate judgment"; a "motion to close sealed criminal sanction granted to fraudulent misdemeanor charges"; a "motion to move court matter to a closer court to Santa Clara County"; a "motion for courts leave to update list of defendants to keep SOL valid"; and a "motion to request court to update accurate dates for motions served." *See* Dkt. No. 26. Plaintiff filed the omnibus motion in this case and two other closed federal cases in the Northern District of California. *See* Dkt. No. 26.

A motion seeking post-judgment relief within 28 days of the Court's entry of judgment may be treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59. But Rule 59(e) is an "extraordinary remedy" that cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *Kona*

*Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). To warrant relief under Rule 59, the moving party must show: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quotation omitted). The Court "has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Id.*

To the extent that the Court can decipher Plaintiff's arguments, she does little more than generically challenge the Court's order dismissing her case and reiterate the same arguments she has made before. She continues to cite unidentified parties and vague injuries. This is insufficient to warrant post-judgment relief. Plaintiff's other requests for relief are similarly incomprehensible and without proper basis. The Court reminds Plaintiff that it does not have authority to reconsider an order or judgment issued by another court. Accordingly, the Court DENIES the motion in its entirety.

**IT IS SO ORDERED.**

Dated: 5/24/2017

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge