UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHRUTI SHETTY,<br><br>              Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS,<br><br>              Defendant. | Case No.16-cv-06012-HSG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 28 |

On May 18, 2017, the Court dismissed Plaintiff Shruti Shetty's complaint without leave to amend and entered judgment. Dkt. Nos. 24, 25. Several days later, Plaintiff filed a motion to vacate the judgment and for other miscellaneous relief. *See* Dkt. No. 26. The Court found that Plaintiff did not meet the standard for reconsideration of the Court's order and denied the motion on May 24, 2017. Dkt. No. 27. On June 1, 2017, Plaintiff filed the instant motion for reconsideration, claiming that the Court "has committed 'manifest' or clear 'error' in judgment." Dkt. No. 28 at 1, 3. Plaintiff requests leave to amend the complaint yet again, citing myriad personal and financial difficulties. *Id.* at 2–4.

Federal Rule of Civil Procedure 59(e) allows a party to seek an order altering or amending a judgment. Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). Rather, it is appropriate if the moving party shows: "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the

motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quotation omitted).

Similarly, under Rule 60(b), the Court may grant relief if the moving party shows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The Court finds that Plaintiff still fails to meet the standard for reconsideration under either Rule 59 or 60. Plaintiff does little more than list vaguely-described, and largely incomprehensible, harm that she has suffered physically, mentally, and financially. Plaintiff does not identify who is responsible for what conduct, or even when the alleged events occurred. Instead, Plaintiff filed the same motion in at least two other cases against various defendants. *See Shetty v. Alphabet Yahoo Google*, Case No. 4:17-cv-00589-SBA (N.D. Cal.); *Shetty v. Cisco*, Case No. 4:17-cv-00933-PJH (N.D. Cal.). The Court finds no basis to conclude that post-judgment relief is warranted. Accordingly, the Court DENIES the motion for reconsideration. No further filings will be accepted in this closed case.

**IT IS SO ORDERED.**

Dated: 6/6/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge